Green, J.
delivered the opinion of the court.
On the 27th of February, 1829, the present complainant sued Samuel G. Smith in the Smith circuit court, in detinue, for the negro boy Robin, now in dispute. Smith had obtained possession of Robin the 7th of June, 1828. The cause remained undisposed of until the 1st of September, 1S35, when Smith died. At the October term'of the court his death was suggested, and at the April term, 1836, the action of detinue was declared to have abated. Robin came into the hands of Thomas Smith, the present defendant, who is the executor of Samuel G. Smith; and this bill was filed against him to recover the negro the 4th of February, 1837. The 4th section of the statute of limitations, 21 James I, ch. 16, (of which an act of 1715, ch. 27, sec. 6, is in substance a copy,) provides, that where the plain tiffhad obtained judgment which was reversed for error, or where a verdict had passed for the plaintiff, and the judgment was arrested and judgment given that the plaintiff should take nothing by his writ, in such case, the plaintiff, his heirs, &c. may commence a new action within one year after such judgment is reversed, or such judgment given against the plaintiff, and not after. *47 It has been adiudged to be within the equity of this provision of the statute to permit a fresh action within a where the suit had abated by the death oi either party. Bl. on Lim., 111, et seq: Angel on Lim., 325, et seq.
In this case the suit was commenced seventeen, months after the death of Samuel G. Smith, although the suggestion of his death and record of abatement were made in less than a year before this bill was filed, yet the suit in fact abated at the death, and consequently, this suit was not brought within such reasonable time as to be within the equity of the 6th section of the act of 1715.
But the complainant relies principally on the ground that Thomas Smith is guilty himself of a wrongful detainer, for which he is liable, and that he cannot connect his possession with Samuel G. Smith’s possession so as to defend himself under the statute of limitations.
How this question shall be determined must depend upon the effect of Samuel G. Smith’s possession upon the title. Ever since the case of Kegler vs. Miles, Mar. and Yer. 426, it has been held that adverse possession of a slave for more than three years vests the possessor with the title. But Smith had not been in possession of Robin three years before the action of detinue was commenced against him. During the pendency of that suit his possession was neutralized, and as we have seen, abated by his death. No title could have vested in him by virtue of his possession. There was no time during his life at which he had acquired by the statute of limitation the title to the slave, and his death could not give efficacy to his possession which it did not have during his lifetime.
As the property in this slave had not been vested in Samuel G. Smith, the defendant does not hold him, as executor, *but is personally guilty of an unlawful detainer, for which he is liable in this suit. The present cause of action commenced with the possession of the slave by the defendant. Newsom vs. Newsom, 1 Leigh’s Rep. 85: Jones and Glass vs. Littlefield, 3 Yer. 133.
These cases show that an executor has no right to take into his possession a chattel to which his testator was not en *48 titled, though such testator had been m possession thereof, and constantly he cannot connect his possession with that oí his testator. It is not like the case of a slave held by A for two years, and by him sold to B, who keeps possession for more "than one year thereafter. In such case the possession of B may be connected with A, as this court decided in Shute vs. Wade, 5 Yer. 1, and constitute a title to the slave. Nor is it like the case of a new suit against the same party, or his representatives, for the same cause of action. In such case the pendency of a former unsuccessful suit would not be a rgood replication to a plea of the statute of limitations. Angel, 328. Here the defendant does not, as to this negro, represent Samuel G. Smith, and the cause of action is his own de-tainer and not that of his testator. As to the question whether the negro was loaned to Elgin by the complainant, we think there is no doubt.
The decree of the chancellor will be corrected in relation to the extent of the defendant’s liability for hire of the negro, and he will be charged hire onlv from the time he came into his possession, and as to all the other matters, it will be affirmed.